**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:   Reginald Bryson,<br><br>                          Debtor.<br>_____/<br>GREAT LAKES CREDIT UNION,<br>                          Plaintiff,<br>          v.<br><br>Reginald Bryson,<br>                          Defendant.<br>_____/ | Case No. 25 B 05042<br>Chapter 7<br>Hon. Michael B. Slade<br><br><br><br><br>Adv. Proc. No. 25 A _____ |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, Great Lakes Credit Union ("Great Lakes"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

2. In accordance with Fed. R. Bankr. P. 7008, Great Lakes consents to the entry of final orders and judgments by this Court.

3. On March 31, 2025, the Defendant, Reginald Bryson ("the Defendant") filed a Chapter 7 petition, commencing the above case.

4. Great Lakes is a creditor of the Defendant with respect to two separate debts, the first is a lifestyle loan with a loan balance of $993.89 at the time of the filing of the petition for relief.

5. The second debt owed to Great Lakes by the Defendant is for a Fast Cash Loan in the amount of $2,000.00.

6. The payoff owed was $2,049.30 as of March 31, 2025, when the petition for relief was filed.  This was because interest accrued, and no payments were made.

7. The loan terms had payments of $141.00 per month with the first payment coming due on April 15, 2025, and each month thereafter until a final payment of $140.92 on September 15, 2026. A copy of said loan agreement is attached hereto and incorporated herein and is marked as Exhibit A.

8. The terms of the loan agreement, include that the Defendant has promised to pay, subject to applicable law, all costs of collecting what they owe under the agreement and it specifically includes court costs, collection agency fees, and reasonable attorneys fees and that Great Lakes may enter into a contingent or hourly fee arrangement with an attorney or collection agency and that the Defendant agrees that such an agreement is reasonable. The Collection Costs section also applies to bankruptcy, etc. Said language may be found on page 2 of the Loan Agreement marked as Exhibit A.

9. **Dischargeability of Debt – 11 U.S.C. § 523(a)(6)**

10. Paragraphs 1 through 9 are hereby repeated and incorporated as if fully set forth herein.

11. The Defendant entered into a Loan Agreement on March 1, 2025.

12. The Debtor received $2,000 from the Fast Cash Loan that the Debtor entered into with Great lakes on March 1, 2025.

13. The Debtor has never made a payment on this loan.

14. The Debtor prepared original schedules, and signed the statement of currently monthly income on March 14, 2025. A copy of said schedule and signature was filed with the Court on March 31, 2025, docket number 1, page 76.

15. The Debtor prepared original schedules, and signed the list of unexpired personal property leases on March 14, 2025. A copy of said schedule and signature was filed with the Court on March 31, 2025, docket number 1, page 77.

16. The Debtor prepared original schedules, and signed the statement of financial affairs on March 14, 2025. A copy of said schedule and signature was filed with the Court on March 31, 2025, docket number 1, page 78.

17. The Debtor prepared the Declaration about an individual debtor's schedules on March 14, 2025. A copy of said schedule and signature was filed with the Court on March 31, 2025, docket number 1, page 79.

18. The Debtor's budget provides that the Defendant is employed as a Counselor at the University of Illinois Hospital.

19. The Debtor has been employed at the University of Illinois Hospital for over two years.

20. According to Schedule E of the Defendant's bankruptcy petition, the Debtor had $11,000 in priority debt owed to the Internal Revenue Service.

21. According to Schedule F of the Debtor's bankruptcy petition, the Debtor has substantial general unsecured debt.

22. The Debtor did list Great Lakes Credit Union as a creditor for certain debts.

23. The Fast Cash Loan from Great Lakes is not provided for on Schedule F. There is no corresponding debt for the $2000 fast cash loan with a loan number ending in XX9830

24. The loan may have been taken out after the schedules were completed.

25. According to Schedule I & J of the Defendant's bankruptcy petition, the Debtor has a negative amount of disposable income each month and the budget does not allow for the payment of these debts.

26. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, the Defendant was already unable to pay his living expenses and his loan payments when he incurred the loan.

27. Great Lakes asserts that, at the time the Defendant incurred the debt, the Defendant's monthly expenses exceeded her monthly income by $290 and therefore, the Defendant did not intend to honor her obligation to Great Lakes to satisfy the Fast Cash Loan.

28. Great Lakes avers that the Defendant obtained the goods and services using the $2,000 loan that he obtained through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentation.

29. When the Defendant obtained the Fast Cash Loan as identified on Exhibit "A," he knew or reasonably should have known of his inability to repay the debt such that he was aware of the falsity of her representations to Great Lakes.

30. The Defendant is financially sophisticated as evidenced by the fact that he lists two vehicles on his schedules, has a long history of vehicle loans, has had accounts with Great Lakes Credit Union amongst others.

31. The Defendant obtained the Fast Cash Loan through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

32. The Defendant made the misrepresentations with the intention and purpose of deceiving Great Lakes so that Great Lakes would provide a Fash Cash Loan without disclosing the intention to proceed with the bankruptcy filing.

33. At the time of entering into the loan with Great Lakes on March 1, 2025, the Defendant was a member and had been paying a Lifestyle Loan to Great Lakes, such that, Great Lakes justifiably relied on his misrepresentations as to his intent to repay.

34. As the proximate result of extending credit based on the Defendant's misrepresentations, Great Lakes has sustained loss and damage in the amount of $2,049.30 plus the costs of collection.

35. The debt was incurred by the Defendant who had knowledge of his inability to abide by the terms of the agreement.

36. The debt was incurred by the Defendant without his intent to repay it.

37. The balance on the Debt owed to Great Lakes in the amount of $2,049.30 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

38. The Defendant caused a willful and malicious injury to Great Lakes, for the reasons above, the balance owed to Great Lakes of $2,049.30 is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

39. Great Lakes is entitled to recover costs of collection in addition to the $2,049.30 that was owed when the petition for relief was filed.

WHEREFORE, Plaintiff, Great Lakes Credit Union, prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. §§ 523(a)(6); for a total nondischargeable judgment in the amount of $2,049.30, plus reasonable attorneys' fees and costs, and for any such further relief as the Court may deem appropriate.

                                          Respectfully submitted,
                                          Attorneys for Plaintiff

Dated:    06-30-2025        By:    /s/ Christopher H. Purcell
                                          Christopher H. Purcell  ARDC #6244763
                                          Sherman & Purcell, LTD.
                                          P.O. Box 67
                                          Cary, IL 60013
                                          Telephone: (312) 372-1487
                                          Email: shermlaw13@aol.com